**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10459 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-01255-RCC-DTF-1 |
| v. | |
| CHEROKEE RAY DELAHANTY, AKA Cherokee Delahanty, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 19, 2020
Phoenix, Arizona

Before:  TALLMAN, BYBEE, and BADE, Circuit Judges.

Convicted of a serious assault in Indian Country, Cherokee Delahanty

appeals the district court's entry of an amended restitution order making him liable

for his victim's medical expenses despite the government's failure to raise this

unresolved amount of restitution at sentencing.  We have jurisdiction pursuant to

28 U.S.C. § 1291.  We vacate the amended restitution order and remand for further

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

proceedings.

**1.** The government erred when it sought to amend Delahanty's restitution order without complying with the Mandatory Victim Restitution Act's ("MVRA") procedural requirements. 18 U.S.C. § 3664. Although the magistrate judge warned Delahanty at his change-of-plea hearing that he would be subject to a claim for reimbursement of the victim's medical expenses—a warning repeated in the Presentence Report—and his counsel had received copies of medical treatment records in pretrial discovery, the government failed at sentencing to identify the victim's medical expenses as a non-ascertainable loss as required by law because the Arizona Medicaid agency, as the victim's insurer, had not yet responded to the government's request for the amount later claimed. *See* 18 U.S.C. § 3664(d)(5).

Prior to sentencing, the government and the defendant were aware that the victim sustained significant injuries and received extensive medical treatment arising from the assault. That the Medicaid agency did not timely respond to the government's solicitation of its claim does not establish good cause for the government's failure to raise what it knew to be a potential outstanding restitution claim at the time of sentencing. *Id.* We note that the government effectively conceded as much at the restitution amendment hearing before the district court. The United States Attorney's Office easily could have avoided procedural error had it paid more careful attention to the MVRA's requirements.

Nonetheless, the government's procedural error was harmless. Failure to comply with the MVRA's procedural requirements does not divest the court of jurisdiction to amend a restitution order. *Dolan v. United States*, 560 U.S. 605, 610–11 (2010). Indeed, "because the procedural requirements of section 3664 were designed to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant." *United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010) (quoting *United States v. Cienfuegos*, 462 F.3d 1160, 1163 (9th Cir. 2006)). We have declined to find actual prejudice where, despite the procedural error, a defendant was otherwise given notice that he would be obligated to pay restitution. *See Moreland*, 622 F.3d at 1173; *United States v. Marks*, 530 F.3d 799, 812 (9th Cir. 2008); *Cienfuegos*, 462 F.3d at 1163. Here, Delahanty had the following notice that he could be liable for his victim's medical expenses: the Presentence Report advised Delahanty that restitution for a victim's medical expenses was mandatory, not discretionary, under the MVRA; the written plea agreement and the magistrate judge's comments during Delahanty's change of plea advised him that he could be liable for the victim's medical expenses; and the district court did order some restitution at sentencing, even if it later significantly changed the total amount of the restitution award.

2. The district court, however, erred in failing to make any findings on

Delahanty's timely objection to the sufficiency of the evidence supporting the amended restitution award. The MVRA "recognizes that specific findings of fact are necessary at times and contemplates that the district court will set forth an explanation of its reasoning, supported by the record, when a dispute arises as to the proper amount of restitution." *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008) (citation omitted). Even where it is "easy to reconstruct how the District Court arrived at" the restitution figure, the failure to make findings on a defendant's challenge to the sufficiency of the evidence supporting a restitution award is reversible error. *United States v. Tsosie*, 639 F.3d 1213, 1222–23 (9th Cir. 2011). On remand, the district court is instructed to conduct a new hearing in response to Delahanty's objection to the sufficiency of the evidence supporting the amended restitution award to determine the proper amount of restitution and to make findings supporting the amount properly attributable to treatment arising from the victim's extensive injuries.

The Clerk will send a copy of this disposition addressed to the United States Attorney for the District of Arizona so that appropriate steps may be taken to train assistant United States attorneys in their obligations under the MVRA.

**VACATED AND REMANDED with instructions.**